UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DANIEL F. JONES,

                Petitioner,                Case No. 15-cv-10692

v                                              Honorable Thomas L. Ludington

DUNCAN MACLAREN,

                Respondent.

_____/

**OPINION AND ORDER GRANTING MOTION, HOLDING IN ABEYANCE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE**

Petitioner Daniel F. Jones, presently confined at the Kinross Correctional Facility in Kincheloe, Michigan, filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted by a jury in the Wayne County Circuit Court of first-degree felony murder and felony firearm.[1] The petitioner has also filed a motion to hold the petition in abeyance to permit him to complete post-conviction proceedings in the state courts, where he is attempting to exhaust the claims that he wishes to raise in his current habeas application. For the reasons stated below, the Court will hold the petition in abeyance and will stay the proceedings under the terms outlined below in the opinion to permit the petitioner to return to the state courts to exhaust his additional claims, failing which the petition shall be dismissed without prejudice. The Court will also administratively close the case.

**I.**

Petitioner was sixteen years old at the time of the offenses. Although Petitioner was a juvenile when he committed the offenses, he was charged as an adult. Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court. Petitioner's

---

[1] Petitioner was also originally convicted of second-degree murder, armed robbery, and assault with intent to rob while armed but these convictions were vacated on Double Jeopardy grounds.

conviction was affirmed on appeal. *People v. Jones,* 1998 WL 1989898, at *2 (Mich. Ct. App. Sept. 18, 1998).

On June 13, 2013, Petitioner filed a post-conviction motion for relief from judgment with the Wayne County Circuit Court, which was denied. *People v. Jones,* No. 96-004081-FC (Wayne County Circuit Court, July 30, 2014).[2] The Michigan Court of Appeals denied Petitioner's application for leave to appeal. *People v. Jones,* No. 323819 (Mich. Ct. App. Dec. 4, 2014). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which remains pending in that court.

Petitioner has now filed a petition for writ of habeas corpus, in which he seeks habeas relief on the following grounds:

> I. Petitioner's mandatory life without parole sentence is unconstitutional under the Eighth Amendment.
>
> II. Parole eligibility under Michigan law does not provide for a meaningful and realistic opportunity for release.
>
> III. Petitioner is entitled to post-conviction relief under MCR 6.500 ET SEQ.

**II.**

Petitioner has asked this Court to hold the instant petition in abeyance to permit him to complete post-conviction proceedings in the state courts, in which he is attempting to exhaust claims that were not presented to the Michigan appellate courts as part of the direct review process.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b), (c).

---

[2] The Court obtained some of this information from the Wayne County Circuit Court website, https://www.3rdcc.org/. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See United States ex rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). A federal district court is also permitted to take judicial notice of another court's website. *See, e.g., Graham v. Smith*, 292 F. Supp. 2d 153, 155 n.2 (D. Me. 2003).

*Picard v. Connor*, 404 U. S. 270, 275-78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *Pliler v. Ford,* 542 U.S. 225, 230 (2004) (*citing Rose v. Lundy,* 455 U.S. 509, 510 (1982)).

In the present case, Petitioner's claims are unexhausted because they remain pending before the Michigan Supreme Court. A habeas petition should be denied on exhaustion grounds where a state post-conviction motion remains pending in the state courts. *Juliano v. Cardwell*, 432 F. 2d 1051, 1051 (6th Cir. 1970); *Haggard v. State of Tenn.,* 421 F. 2d 1384, 1386 (6th Cir. 1970). A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *See Brewer v. Johnson,* 139 F. 3d 491, 493 (5th Cir. 1998). However, in order to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002).

Petitioner's motion to hold the petition in abeyance while he completes the exhaustion of his claims in the state courts will be granted. In this case, the outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of his claims in this Court due to the expiration of the AEDPA's one year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, as is the case here, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F.

3d 717, 720-21 (6th Cir. 2002). The United States Supreme Court, in fact, has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court, as Petitioner has apparently done here, and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

Several other judges in this district have held a habeas petition in abeyance while a habeas petitioner's post-conviction appeal remained pending in the Michigan Supreme Court, as is the case here. *See McKay v. Sherry,* 2008 WL 1808405, *2 (E.D. Mich. April 21, 2008)*; Titlow v. Burt,* 2007 WL 2584762, at *3 (E.D. Mich. September 7, 2007); *Wood v. Jones,* 2006 WL 1877060, at *2 (E.D. Mich. July 6, 2006); *Brown v. Wolfenbarger,* 2005 WL 3465862, at *1 (E.D. Mich. December 16, 2005)(Rosen, J.).

Petitioner explains that his claims were not presented on direct appeal because they only accrued on June 25, 2012, when the United States Supreme Court issued its decision in *Miller v. Florida,* 132 S. Ct. 2445 (2012). In that decision, the Supreme Court held that mandatory non-parolable life sentences for persons who were under 18 years old at the time of the crime violate the Eighth Amendment prohibition against cruel and unusual punishment. Because the holding in *Miller* was clearly unavailable to Petitioner at the time of his direct appeal, he has established good cause for not raising this claim earlier. *See e.g. Flores v. Hickman*, 489 F. Supp. 2d 1097,

1100 (C.D. Cal. 2007). Furthermore, Petitioner's claims do not appear plainly meritless. Finally, it does not appear that Petitioner has engaged in "intentionally dilatory tactics."

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 578. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court will impose time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must ask this Court to lift the stay within sixty days of exhausting his state court remedies. "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F. 3d at 781 (internal quotation omitted).

### III.

Accordingly, it is **ORDERED** that the Motion to Stay Proceedings (ECF No. 3) is **GRANTED** and the petition for writ of habeas corpus shall be held in **ABEYANCE** pending the completion of Petitioner's state application for post-conviction review. This tolling is conditioned upon the petitioner re-filing his habeas petition under the current caption and case number within **sixty (60) days** after the conclusion of the state court post-conviction proceedings.

It is further **ORDERED** that this case is **ADMINISTRATIVELY CLOSED**. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto,* 207 F. Supp. 2d at 677.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: March 18, 2015

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail and on Daniel Jones #253128, Kinross Correctional Facility, 16770 S. Watertower Drive, Kincheloe, MI 49788 by first class U.S. mail on March 18, 2015.

                                          s/Suzanne M. Gammon
                                          SUZANNE M. GAMMON