UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DANIEL F. JONES, #253128,

        Petitioner,

v.

        Case No. 1:15-cr-10692
        Honorable Thomas L. Ludington

DUNCAN MACLAREN,

        Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO LIFT THE STAY, DIRECTING THE CLERK OF THE COURT TO REOPEN THE CASE, DENYING AS MOOT PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

      Petitioner Daniel F. Jones, presently confined at the Kinross Correctional Facility in Kincheloe, Michigan, was convicted by a jury in the Wayne County Circuit Court of first-degree felony murder and felony firearm. On February 23, 2015 Petitioner filed his *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* ECF No. 1. That same day Petitioner filed a motion to stay the proceedings and hold the petition in abeyance to permit him to complete post-conviction proceedings in the state courts, where he was attempting to exhaust the claims that he wished to raise in his habeas application. *See* ECF No. 3. On March 18, 2015 Petitioner's motion was granted, the petition was held in abeyance, and the matter was administratively closed. *See* ECF No. 7.

      Petitioner has now filed a motion to lift the stay of proceedings. *See* ECF No. 9. For the reasons stated below, Petitioner's motion to lift the stay will be granted, and the Clerk of the

Court will be ordered to reopen the case to the Court's active docket. However, Petitioner's amended petition will be denied as moot. *See* ECF No. 10.

**I.**

Petitioner was sixteen years old at the time of the underlying offenses. Although Petitioner was a juvenile when he committed the offenses, he was tried as an adult, and was convicted of the above offenses following a jury trial in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Jones,* No. 201647, 1998 WL 1989898 (Mich. Ct. App. Sept. 18, 1998).

On June 13, 2013, Petitioner filed a post-conviction motion for relief from judgment with the Wayne County Circuit Court challenging the constitutionality of his nonparolable life sentence. Petitioner based his claim on the Supreme Court's decision in *Miller v. Alabama,* 132 S. Ct. 2455 (2012), which held that a mandatory sentence of life imprisonment without parole for defendants who were under 18 years old when they committed their crimes violates the Eighth Amendment. The trial court denied the motion. *People v. Jones,* No. 96-004081-FC (Wayne County Circuit Court, July 30, 2014). The Michigan Court of Appeals then denied Petitioner's application for leave to appeal. *People v. Jones,* No. 323819 (Mich. Ct. App. Dec. 4, 2014).

Petitioner filed an application for leave to appeal with the Michigan Supreme Court. While his application for leave to appeal was pending, Petitioner filed his original petition for writ of habeas corpus with this Court. *See* ECF No. 1. Petitioner also filed a motion to stay the proceedings pending the completion of his state post-conviction proceedings. *See* ECF No. 3. The Court granted the motion, stayed the petition, and held it in abeyance pending the completion of the state post-conviction proceedings. The case was also administratively closed.

On May 2, 2016, the Michigan Supreme Court vacated Petitioner's nonparolable life sentence for first-degree murder and remanded the matter to the trial court for re-sentencing, in conformity with the United States Supreme Court's holdings in *Miller v. Alabama* and *Montgomery v. Louisiana,* 136 S. Ct. 718, 734 (2016) (holding that *Miller* should be applied retroactively). *People v. Jones*, 499 Mich. 910, 877 N.W.2d 900 (2016).

Petitioner has now moved to lift the stay of proceedings. *See* ECF No. 9. In his refiled petition Petitioner seeks habeas relief on the following grounds:

> I. Petitioner's mandatory life without parole sentence is unconstitutional under the- Eighth Amendment.
>
> II. Parole eligibility under Michigan law does not provide for a meaningful and realistic opportunity for release.
>
> III. Petitioner is entitled to post-conviction relief under MCR 6.500 ET SEQ.

*See* ECF No. 9.

**II.**

Federal courts have the power to order that a habeas petition be reinstated upon timely request by a habeas petitioner, following the exhaustion of state court remedies. *See e.g. Rodriguez v. Jones,* 625 F. Supp. 2d 552, 559 (E.D. Mich. 2009). Because Petitioner is alleging that his claims have been exhausted with the state courts, his petition is now ripe for consideration. Accordingly, the Court will order that the original habeas petition be reopened.

**III.**

The petition for writ of habeas corpus shall be denied because Petitioner's claims are now moot. Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This means that, throughout the litigation a petitioner "must have suffered, or be threatened with, an actual injury traceable to the

defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). When the issuance of a writ of habeas corpus would have no effect on a petitioner's term of custody, and would impose no collateral legal consequences, the habeas petitioner has failed to present a justiciable case or controversy within the meaning of Article III of the Federal constitution. *See Ayers v. Doth,* 58 F. Supp. 2d 1028, 1034 (D. Minn. 1999). "[M]ootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams,* 807 F. 2d 1286, 1289 (6th Cir. 1986). Because it strikes at the heart of federal court jurisdiction, the mootness of a habeas petition can be raised *sua sponte* by the federal court, even if the issue is not addressed by the parties. *See Brock v. U.S. Dep't of Justice,* 256 F. App'x. 748, 750 (6th Cir. 2007).

      Petitioner's claims for relief are all based on an assertion that the mandatory nonparolable life sentence that he received for first-degree murder was unconstitutional because he was only a juvenile at the time of the offense. Petitioner asks this Court to vacate his life sentence and order a re-sentencing in the state courts. The Michigan Supreme Court, however, has already vacated Petitioner's sentence for first-degree murder based on the United States Supreme Court's holdings in *Miller* and *Montgomery,* and has remanded the matter to the state court trial court for Petitioner to be re-sentenced. The Michigan Supreme Court's decision to vacate Petitioner's life sentence and order his re-sentencing in conformance with *Miller* and *Montomery* thus moots Petitioner's sentencing claims and his related claim that the trial court improperly denied him post-conviction relief. *See Hill v. Sheets,* 409 F. App'x. 821, 824-25 (6th Cir. 2010). His petition will therefore be denied as moot.

## IV.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Petitioner is not entitled to a certificate of appealability because his request for habeas relief is now moot. *See McKinney-Bey v. Hawk-Sawyer,* 69 F. App'x. 113 (4th Cir. 2003). Accordingly, a certificate of appealability is not warranted in this case. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

## IV.

Accordingly, it is **ORDERED** that Petitioner's motion to lift the stay, ECF No. 9, is **GRANTED**.

It is further **ORDERED** that the Clerk of the Court is **DIRECTED** to reopen the case to the Court's active docket.

It is further **ORDERED** that Petitioner's petition for a writ of habeas corpus, ECF No. 10, is **DENIED AS MOOT.**

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that permission to proceed *in forma pauperis* on appeal is **DENIED**.

                                            s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge

Dated: August 10, 2016

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 10, 2016.

                          s/Johnetta Curry
                          Johnetta Curry, Acting in the Absence of
                          Michael A. Sian, Case Manager